UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

No 09-CV-3730 (JFB)
_____

IN RE MARCEL C. BRISTOL,

                Debtor,

MARCEL C. BRISTOL,

                Appellant,

VERSUS

MARIANNE DEROSA,

                Appellee.

_____

MEMORANDUM AND ORDER
September 30, 2010
_____

JOSEPH F. BIANCO, District Judge:

The instant case is an appeal from an order in the voluntary bankruptcy proceeding of debtor Marcel C. Bristol ("appellant" or "Bristol"), under Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court"), against Marianne DeRosa, the Chapter 13 Trustee in Bristol's bankruptcy ("Trustee" or "appellee"). Specifically, *pro se* appellant appeals from an order of the Honorable Alan S. Trust dated August 19, 2009, which dismissed the Chapter 13 case due to appellant's failure to appear at scheduled Bankruptcy Court conferences and file necessary documents in support of his case.

As set forth below, after a *de novo* review, the Court finds appellant's arguments on appeal to be without merit and affirms the August 19, 2009 Order of the Bankruptcy Court.

I. BACKGROUND

A. Facts

The following facts are taken from the record of the Bankruptcy Court in the underlying proceeding unless otherwise indicated. On April 21, 2009, appellant filed for voluntary bankruptcy under Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York. On April 24, 2009, the Bankruptcy Court mailed a notice of deficient

filing to appellant, informing him that he had failed to file a number of required documents. Upon appellant's request, appellant was granted an extension of time until June 5, 2009 to file the missing documents. Appellant made supplemental filings on May 13, 2009 and June 3, 2009.

Two days later, on June 19, 2009, the Chapter 13 Trustee filed a motion to dismiss the case on the ground that Bristol violated 11 U.S.C. § 521(a)(1) and Bankruptcy Rule 1007(b)(1) and (6) by failing to file certain required documents, including, *inter alia*, a copy of appellant's tax return for the most recent year. The Trustee's motion also noted that Bristol had failed to submit timely Chapter 13 Plan payments to the Trustee, had failed to appear and be examined at the Section 341 Meeting of Creditors, and had failed to provide the Trustee with the disclosure documentation required under Eastern District of New York Local Bankruptcy Rule 2003-1(a). This motion was served on Bristol by mail.[1] The Bankruptcy Court scheduled a hearing on the motion to dismiss for July 9, 2009, and provided Bristol with proper notice of the hearing.

On July 9, 2009, the Bankruptcy Court held the previously scheduled hearing regarding the Trustee's motion to dismiss the case. Bristol did not attend the hearing, but instead sent a family member, Reynold Denis, to appear on his behalf. Mr. Denis informed the Bankruptcy Court that Bristol was unable to appear because he was incarcerated. At the hearing, the Bankruptcy Court found that Bristol had failed to cure the deficiencies in his filings, in violation of 11 U.S.C. § 521, had failed to submit timely Chapter 13 plan payments to the Trustee, had violated the disclosure requirements of Eastern District of New York Local Bankruptcy Rule 2003-1(a), and had failed to appear and be examined at the Section 341 Meeting of Creditors. The Bankruptcy Court found that each of these failures constituted cause to dismiss Bristol's case and, accordingly, Judge Trust directed the Chapter 13 Trustee to settle an order dismissing the case.

On July 15, 2009, Bristol filed a Notice of Appeal of the dismissal of the case. This notice was filed before the Bankruptcy Court entered any order dismissing the case. On July 17, 2009, the Chapter 13 Trustee filed and served a Notice of Settlement of a Proposed Order dismissing the case. On August 4, 2009, Bristol filed a letter motion to reconsider the denial order. By Order dated August 19, 2009, the Bankruptcy Court denied Bristol's motion to reconsider, and entered a Notice of Dismissal, thereby dismissing the case pursuant to 11 U.S.C. § 1307(c).

B. Procedural History

On August 26, 2009, Bristol filed a notice of appeal from the Bankruptcy Court's August 19, 2009 Order dismissing his bankruptcy case. On June 2, 2010, Bristol filed a brief in support of his appeal, after being directed to do so by this Court. The Chapter 13 Trustee filed a brief in opposition on September 10, 2010. Bristol did not file a reply brief. The court has fully considered all of the submissions of the parties.

---

[1] The Trustee notes in its brief that the motion was mailed to appellant's Elmont, New York address, which was the only address provided by appellant on his Chapter 13 petition. (Appellee's Br. at 6.)

## II. STANDARD OF REVIEW

The Court will review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *See In re Hyman*, No. 05-7026-BK, 2007 WL 2492789, at *3 (2d Cir. Sept. 6, 2007); *cf. Lubow Mach. Co. v. Bayshore Wire Prods. (In re Bayshore Wire Prods.)*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error, its conclusions of law de novo, and its decision to award costs, attorney's fees, and damages for abuse of discretion.") (internal citations omitted); *accord In re Ionosphere Clubs*, 922 F.2d 984, 988-89 (2d Cir. 1990). In addition, "[t]he Court may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *In re Miller*, Nos. 08-cv-4305 (JGK), 08-cv-4306 (JGK), 2009 WL 174902, at *1 (S.D.N.Y. Jan. 26, 2009).

## III. DISCUSSION

### A. Debtor's Duties

#### (a) Standard

Section 521 of the Bankruptcy Code imposes certain duties upon a debtor in bankruptcy. "Bankruptcy is a privilege and not a right," *In re Sochia*, 231 B.R. 158, 160 (Bankr. W.D.N.Y. 1999), and in seeking protection under the Bankruptcy Code, a debtor "has the responsibility to inform herself of her duties" under the Code, *In re Ward*, 423 B.R. 22, 34 (Bankr. E.D.N.Y. 2010). In particular, as one of its requirements, Section 521 provides that a debtor must file his federal income tax return for the most recent year, or a transcript thereof, no later than seven days before the date of the first Meeting of Creditors. 11 U.S.C. § 521(e)(2)(A)(i). Failure to comply with this requirement shall result in dismissal of the case, unless the debtor is able to demonstrate that his failure to comply was the result of circumstances beyond his control. *Id.* § 521(e)(2)(B). Courts have noted that the language of Section 521(e)(2)(B) is mandatory, requiring dismissal in all cases except those where the debtor can make the requisite showing to excuse his failure to file. *See In re Casey*, 274 F. App'x 205, 206 (3d Cir. 2008) ("The statute speaks in mandatory terms and requires dismissal unless the debtor makes that demonstration [that the failure to file was due to circumstances beyond the debtor's control]."); *In re Nordstrom*, 381 B.R. 766, 769 (C.D. Cal. 2008) ("If the trustee elects to seek dismissal and establishes a *prima facie* case under § 521(e)(2)(A)(I), the court must dismiss the case unless the debtor establishes that timely compliance was prevented by circumstances beyond the debtor's control."); *In re Gessner-Elfman*, Nos. 06-11109 (EEB), 06-11145 (EEB), 06-11146 (EEB), 2006 WL 2989005, at *2 (Bankr. D. Colo. Sept. 22, 2006) ("In some instances, the Court has the ability to waive the Debtor's failure to comply with the requirements. But, in this case [under § 521(e)(2)(B)], the Court has no such ability. Unless a debtor can show that circumstances beyond her control prevented her from complying with the law, the Court must dismiss the case."); *cf. In re Moser*, 347 B.R. 471, 472-73 (W.D.N.Y. 2006) (finding that "circumstances beyond the control of the debtor" existed to excuse failure to file tax returns where debtor had given tax returns to counsel in advance of Meeting of Creditors but counsel had failed to file them with the court).

(b) Application

As an initial matter, Bristol concedes that he did not file the required tax forms. (*See* Appellant's Br. ¶ 3.)[2] In his defense, appellant claims that, as of the date of the dismissal hearing, he was neither aware of any deficiencies in his filings nor in possession of any correspondence suggesting that there were such deficiencies. (*Id.*) The record, however, belies appellant's claims. First, as a general matter, appellant received notice that his filings were deficient—not only did appellant respond to such notice by requesting an extension of time to file the missing documents, but he also made two supplemental submissions after he received the requested extension of time. Moreover, even if the notices of deficiencies mailed by the Bankruptcy Court did not specifically inform appellant of his failure to file his tax return, appellant undoubtedly received notice of this failure when he was served, via mail, with Trustee's motion to dismiss, which was based in part on appellant's failure to comply with Section 521(e)(2)(A)(i). Finally, appellant had notice of the dismissal hearing, as stated by the Bankruptcy Court in its August 19, 2009 Order and as evidenced by the fact that Bristol sent a family member—to whom Bristol states he granted power of attorney (Appellant's Br. ¶ 3)—to appear on his behalf. In any event, even if appellant was not aware of the deficiencies in his filings, his ignorance does not excuse his failure to comply with the requirements of Section 521(e)(2)(A)(i). *Cf. In re Gessner-Elfman*, 2006 WL 2989005, at *2 ("In these cases, the Debtors have not met their burden. [Debtors] presented no evidence or argument that their failure to comply with Section 521(e)(2) was due to any other reason other than their ignorance of the law's requirements, which they candidly acknowledged was an insufficient justification."). Debtors seeking bankruptcy protection have the obligation of understanding and complying with the duties imposed upon them by the Bankruptcy Code. *See In re Ward*, 423 B.R. at 34 ("The Debtor argues that she did not understand the obligations imposed on her by the Bankruptcy Code. As a debtor seeking protection under the Bankruptcy Code, she has the responsibility to inform herself of her duties. Moreover, resources are available to *pro se* debtors in this Court to assist them in obtaining counsel and to help them to understand their obligations. . . . Therefore, because the Debtor has not complied with a number of her obligations imposed by the Bankruptcy Code, [dismissal] is appropriate."); *In re Tornheim*, 239 B.R. 677, 687 (Bankr. E.D.N.Y. 1999) ("Although the law grants a generous measure of relief to debtors, this benefit is not gratuitous. The law also imposes a measure of responsibility.

---

[2] The Court notes that the date the Meeting of Creditors was scheduled for is not entirely clear from the record. On the one hand, the docket from the Bankruptcy Court indicates that Bristol was mailed a notice stating that the Chapter 13 Meeting of Creditors was scheduled for July 9, 2009. (*See* Bankr. Docket Nos. 6, 8.) On the other hand, the docket also contains an entry—consistent with the Trustee's factual claims in its brief—reflecting that the Meeting of Creditors was adjourned from its originally scheduled date on June 2, 2009 to June 30, 2009. (Appellee's Br. at 4.) Accordingly, it is not clear when debtor was required to submit his tax return by, given that the return is due no later than seven days before the Meeting of Creditors. However, the Court need not resolve this issue, because even using the later due date (*i.e.*, seven days before July 9, 2009), it is clear that appellant did not file the required tax return by that date or any date thereafter.

Persons who invoke the protection of the bankruptcy laws should be especially aware of this requisite."). In this case, appellant has shown no evidence that circumstances beyond his control prevented him from learning about or complying with the legal requirements of Section 521. Indeed, appellant's ability not only to file his bankruptcy petition, but also to request an extension of time to file missing documents and to file certain required documentation—all while being incarcerated—indicates that the ability to comply with the mandates of the Bankruptcy Code was very much within his control.

Additionally, Bristol attempts to excuse his failure to file the tax return on the basis that the missing tax return would have contained information that was merely cumulative of other information submitted to the Bankruptcy Court. (*See* Appellant's Br. ¶ 8.) Even assuming *arguendo* that Bristol's claim about the cumulative nature of the tax return is true, this explanation does not excuse the failure to file the return pursuant to Section 521(e)(2)—the fact that the return may have contained information that could be found elsewhere in the record does not demonstrate that debtor's error was due to circumstances beyond his control. Accordingly, because Bristol has not shown that his failure to file the required tax return was due to circumstances beyond his control, this Court concludes that dismissal was proper under Section 521(e)(2)(B).³

Furthermore, to the extent that appellant claims the dismissal resulted in some infringement on his fundamental rights, this Court finds there is no basis whatsoever for that contention. As evidenced by appellant's request for additional time to file the missing documents and his two subsequent submissions, appellant clearly had the ability to file the necessary documentation with the Bankruptcy Court, but, for whatever reason, chose not to submit his tax return for the most recent year, as required under 11 U.S.C. § 521(e)(2)(A)(i).

In sum, having carefully reviewed *de novo* the record and arguments, the Court concludes that the Bankruptcy Court properly dismissed appellant's bankruptcy proceeding for failure to comply with the duty to file tax returns for the most recent year, as mandated by 11 U.S.C. § 521(e)(2)(A)(i).⁴

---

³ In addition to citing Section 521(e)(2)(A)(i), the Dismissal Order entered by the Bankruptcy Court also states that the dismissal of Bristol's petition was granted under Section 1307(c) of the Bankruptcy Code, which provides that a bankruptcy court may, in its discretion, dismiss a debtor's case for cause when dismissal is in the best interests of the creditors and the estate. *See* 11 U.S.C. § 1307(c). As already noted, however, this Court need not affirm the dismissal on the same grounds relied upon by the Bankruptcy Court. *See In re Miller*, 2009 WL 174902, at *1. Accordingly, insofar as Bristol's failure to file the documentation required by 11 U.S.C. § 521(e)(2) provided sufficient cause for dismissal, this Court need not determine whether other, alternative grounds for dismissal also existed under 11 U.S.C. § 1307(c).

⁴ The Bankruptcy Court also dismissed Bristol's case on the grounds that Bristol: (1) failed to file payment advices, as required by 11 U.S.C. § 521(a)(1); (2) failed to submit timely Chapter 13 plan payments; (3) failed to comply with the disclosure requirements of Eastern District of New York Local Bankruptcy Rule 2003-1; and (4) failed to appear and be examined at the Section 341 Meeting of Creditors. This Court need not reach these grounds, however, because, as already discussed, there was sufficient cause to dismiss

B. Motion for Reconsideration

In its August 19, 2009 Order, the Bankruptcy Court also denied Bristol's motion for reconsideration on the ground that Bristol failed to point to either facts or controlling legal precedent that the Bankruptcy Court overlooked in its original ruling.[5] This Court reviews a Bankruptcy Court's denial of a motion for reconsideration under an abuse of discretion standard. *See In re Bridge to Life, Inc.*, No. 05 Civ. 5499 (CPS), 2006 WL 1329778, at *3 (E.D.N.Y. May 16, 2006). "A court abuses its discretion where it ignore[s] a material factor deserving significant weight, relie[s] upon an improper factor, or [makes] a serious mistake in weighing proper factors." *Id.* (internal quotation marks and citation omitted). Here, the only arguably new fact presented in Bristol's motion was his allegation that he had not received any correspondence from the court or other indication that his filings were deficient. However, as already noted, the record from the bankruptcy case directly contradicts this claim, and, accordingly, the Bankruptcy Court did not err in rejecting this argument. Nor is there any evidence that the Bankruptcy Court relied upon improper factors or made a mistake in weighing proper factors in reaching its decision. Accordingly, this Court finds that the Bankruptcy Court did not abuse its discretion in denying appellant's motion for reconsideration.[6]

III. CONCLUSION

For the foregoing reasons, after careful consideration of the record, the Court finds appellant's arguments on appeal to be without merit and affirms the August 19, 2009 Order of the Bankruptcy Court.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 30, 2010
Central Islip, New York

\* \* \*

Appellant is proceeding *pro se*. Appellee is Marianne DeRosa, Standing Chapter 13 Trustee, 100 Jericho Quadrangle, Suite 208, Jericho, NY 11753.

---

Bristol's case on the basis of his failure to comply with 11 U.S.C. § 521(e)(2).

[5] In so holding, the Bankruptcy Court cited to the Second Circuit's decision in *Rafter v. Liddle*, in which the Court of Appeals noted that "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." 288 F. App'x 768, 769 (2d Cir. 2008) (internal quotation marks and citation omitted).

[6] Even under a *de novo* standard of review, this Court would reach the same conclusion.